**852**

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Long Island Lighting Company, Orange and Rockland Utilities, Inc., Southern California Edison Company, Pacific Gas & Electric Company, San Diego Gas & Electric Company, International Paper Company, Federal Paper Board Company Inc., Champion International Corporation, and Weyerhauser Company, Plaintiffs–Appellants,

v.

Spencer ABRAHAM, Secretary of Energy, and George B. Breznay, Director, Office of Hearings and Appeals, Department of Energy, Defendants–Appellees.

No. 03–1207.

United States Court of Appeals, Federal Circuit.

Aug. 12, 2003.

Before LOURIE, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

The United States District Court for the District of Columbia granted summary judgment to defendants on plaintiffs' claims under the Economic Stabilization Act of 1971. *See Consol. Edison Co. v. Abraham*, No 97–2876 (D.D.C. Oct. 16, 2002). The district court held that the Puerto Rico Electric Power Authority ("PREPA"), despite being owned by a "state" signatory to the settlement set forth in *In re Department of Energy Stripper Well Exemption Litigation*, 653 F.Supp. 108 (D.Kan.1986), was nevertheless entitled to apply for crude oil refunds under the procedures set forth in 10 C.F.R. § 205, Subpart V. The district court further held that the decision by the Office of Hearings and Appeals of the Department of Energy to award PREPA an overcharge refund was not in excess of the agency's authority and was supported by substantial evidence. We *affirm*.

We review a district court's grant of summary judgment de novo, reapplying the standard applicable at the district court. *See Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1301 (Fed.Cir.1999) (citing *Conroy v. Reebok Int'l, Ltd.*, 14 F.3d 1570, 1575 (Fed.Cir.1994)). Summary judgment is only appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Having applied that standard of review, we conclude that the district court made no errors of law in its grant of summary judgment. The parties agree that there are no disputes of material fact. We affirm based upon the district court's thorough and well-reasoned analysis.